**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4015

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

MARCUS RUBEN BLAND, JR.,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Elizabeth W. Hanes, District Judge.  (4:23-cr-00030-EWH-DEM-1)

Argued:  December 10, 2025                    Decided:  January 21, 2026

Before KING, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:**  Salvatore M. Mancina, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  James Reed Sawyers, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.  **ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Rodolfo Cejas, II, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Erik S. Siebert, United States Attorney, Peter G. Osyf, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this appeal from the Eastern District of Virginia, defendant Marcus Ruben Bland challenges his criminal judgment of conviction, rendered by the district court following an August 2024 bench trial in Newport News. Ultimately, the court adjudged Bland guilty of the offense of knowingly possessing a firearm, to wit, a semi-automatic pistol, as a person with a prior felony conviction, in contravention of 18 U.S.C. § 922(g)(1). *See United States v. Bland*, No. 4:23-cr-30 (E.D. Va. Dec. 19, 2024), ECF No. 44 (the "Judgment").

Of especial relevance here, in proceedings leading to the bench trial, the district court denied Bland's motion to suppress evidence that had been obtained by officers with the Newport News Police Department — i.e., the pistol underlying the charged offense — on the night of Bland's arrest in December 2022. To that end, the court readily determined that the officers had possessed a reasonable, articulable suspicion to seize Bland, pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968), and its progeny. *See, e.g.*, *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000) (relying on *Terry* and concluding that "an officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a *reasonable, articulable suspicion* that criminal activity is afoot" (emphasis added)).

On appeal, Bland challenges the district court's Judgment by maintaining, inter alia, that the Newport News police officers violated his Fourth Amendment right to be free from an unreasonable seizure. In that regard, Bland maintains that "the evidence the . . . officers recovered during [the] encounter [i.e., the firearm] . . . should [have been] suppressed

2

because [the officers'] seized him without reasonable suspicion." *See* Br. of Appellant 12. And on that basis, Bland maintains that the court erred in denying his motion to suppress.[*]

Our Court reviews "de novo the ultimate legal contention of whether reasonable suspicion existed to justify police action." *See United States v. McCoy*, 513 F.3d 405, 410 (4th Cir. 2008). And otherwise, we review a trial court's factual findings underpinning such a determination for clear error, construing them in the light most favorable to Bland, as the non-moving party. *See United States v. Black*, 707 F.3d 531, 534-37 (4th Cir. 2013).

In these circumstances, having carefully assessed the record on appeal — as well as the appellate submissions of the parties and the able arguments of counsel in Richmond — we discern no reversible error with respect to the district court's denial of Bland's motion to suppress. Accordingly, we are content to affirm the Judgment.

*AFFIRMED*

---

[*] Bland also pursues an appellate contention concerning the underlying legality of his conviction for the § 922(g)(1) offense. Specifically, Bland contends that pursuant to the Supreme Court's 2022 decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), the offense of § 922(g)(1) is "unconstitutional under . . . [*Bruen*'s] text and history standard." *See* Br. of Appellant 13. As Bland acknowledges, however, that contention is foreclosed by our precedent. *See United States v. Canada*, 123 F.4th 159, 161 (4th Cir. 2024); *United States v. Hunt*, 123 F.4th 697, 700 (4th Cir. 2024).

3